LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone:     (415) 986-5900
Facsimile:     (415) 986-8054

Attorney for Defendant
CALIFORNIA FORENSIC MEDICAL GROUPS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN CANFIELD, an individual; and RYAN CANFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUPS, INC., a corporation; COUNTY OF EL DORADO, a municipal corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:25-CV-02605-DC-JDP<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUPS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  September 10, 2025 |

THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant California Forensic Medical Group, Inc. ("CFMG") (improperly named as California Forensic Medical Groups, Inc.) submits the following Answer to Plaintiffs' Complaint:

**INTRODUCTION**

1. CFMG admits, upon information and belief, that Mr. Canfield was arrested and taken into the custody of the El Dorado County Sheriff's Office at the El Dorado County South Lake Tahoe Jail. Except as expressly admitted, denied.

2. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. CFMG specifically denies any

allegations that purport to impose liability on it. CFMG lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 2 and therefore denies them at this time.

3. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. CFMG specifically denies any allegations that purport to impose liability on it. Except as expressly admitted, denied.

4. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. CFMG specifically denies any allegations that purport to impose liability on it. Except as expressly admitted, denied.

5. CFMG objects to this allegation as an improper expert opinion to which no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

## JURISDICTION

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required CFMG admits that, based on the causes of action alleged, this Court has jurisdiction over the claims asserted.

## PARTIES

7. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7 and therefore denies them at this time.

8. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 8 and therefore denies them at this time.

9. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 9 and therefore denies them at this time.

10. CFMG admits that it contracts with the County of El Dorado to provide medical and mental health services at the El Dorado County Jail. Except as expressly admitted, denied.

11. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 11 and therefore denies them at this time.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

12. CFMG lacks sufficient knowledge or information regarding DOES 1 through 50 to admit or deny the allegations of Paragraph 12 and therefore denies them at this time. CFMG expressly denies any allegations that purport to impose liability on it.

13. CFMG lacks sufficient knowledge or information regarding DOES 1 through 50 to admit or deny the allegations of Paragraph 13 and therefore denies them at this time. CFMG expressly denies any allegations that purport to impose liability on it.

14. CFMG lacks sufficient knowledge or information regarding DOES 1 through 50 to admit or deny the allegations of Paragraph 14 and therefore denies them at this time. CFMG expressly denies any allegations that purport to impose liability on it.

15. Denied.

16. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 16 and therefore denies them at this time.

## FACTUAL ALLEGATIONS

17. CFMG admits that Mr. Canfield was booked into the South Lake Tahoe Jail on September 1, 2024. Except as expressly admitted, denied.

18. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 18 and therefore denies them at this time.

19. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

20. CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 20 and therefore denies them at this time.

21. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

22. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER
TO PLAINTIFFS' COMPLAINT FOR DAMAGES

23. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

24. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

25. The allegations of Paragraph 25 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 25 and therefore denies them at this time. CFMG expressly denies any allegations that purport to impose liability on it.

26. The allegations of Paragraph 26 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 26 and therefore denies them at this time. CFMG expressly denies any allegations that purport to impose liability on it.

27. CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

## *MONELL* ALLEGATIONS AGAINST DEFENDANT COUNTY

28. The allegations of Paragraph 28, including all subparts, are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 28, including all subparts, and therefore denies them at this time.

29. CFMG admits that it contracts with the County of El Dorado to provide medical and mental health services at the South Lake Tahoe Jail. CFMG further admits that the contract is in writing and is the best evidence of its own content. Except as expressly admitted, denied.

30. The allegations of Paragraph 30 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 30 and therefore denies them at this time.

### *MONELL* ALLEGATIONS AGAINST DEFENDANT CFMG

31. Denied, including all subparts.

32. Denied.

33. The allegations of Paragraph 33 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 33 and therefore denies them at this time.

### DAMAGES

34. Denied.

35. Denied, including all subparts.

36. Denied.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment–Deliberate Indifference under 42 U.S.C. Section 1983)**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD as co-successors-in-interest to DECEDENT against DEFENDANTS DOES 1-50)*

37. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

38. The allegations of Paragraph 38 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

39. The allegations of Paragraph 39 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

40. The allegations of Paragraph 40 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied, including all subparts.

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER
TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

41. The allegations of Paragraph 41 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

42. The allegations of Paragraph 42 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

## SECOND CAUSE OF ACTION
**(Fourteenth Amendment–Familial Loss under 42 U.S.C. Section 1983)**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD, individually, against DEFENDANTS DOES 1-50)*

43. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

44. The allegations of Paragraph 44 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied, including all subparts.

45. The allegations of Paragraph 45 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

46. The allegations of Paragraph 46 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

47. The allegations of Paragraph 47 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG admits that records were created of Mr. Canfield's medical care and incarceration, which are the best evidence of their own content. Except as expressly admitted, denied.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Police Practice – 42 U.S.C. Section 1983(*Monell*))**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD as-co-successors-in-interest to DECEDENT against DEFENDANTS CFMG, COUNTY, and DOES 1-50)*

48. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Denied, including all subparts.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**FOURTH CAUSE OF ACTION**
**(Negligence & Wrongful Death)**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD as-co-successors-in-interest to DECEDENT and as individuals against DEFENDANTS CFMG, COUNTY, and DOES 1-50)*

57. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

58. Denied.

59. Denied.

60. Denied, including all subparts.

61. Denied.

62. Denied.

63. The allegations of Paragraph 63 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 63 and therefore denies them at this time.

64. Denied.

/ / /

/ / /

**FIFTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD as-co-successors-in-interest to Decedent against DEFENDANTS CFMG, COUNTY, and DOES 1-50)*

65. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

66. Denied.

67. Denied, including all subparts.

68. Denied.

69. Denied.

70. The allegations of Paragraph 70 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 70 and therefore denies them at this time.

71. Denied.

**SIXTH CAUSE OF ACTION**
**(Title II of the American with Disabilities Act)**
*(Plaintiffs RYAN CANFIELD and MORGAN CANFIELD as-co-successors-in-interest to DECEDENT against DEFENDANT COUNTY)*

72. CFMG repeats and reasserts its responses to all paragraphs in the Complaint.

73. The allegations of Paragraph 73 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 73 and therefore denies them at this time.

74. The allegations of Paragraph 74 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 74 and therefore denies them at this time.

75. The allegations of Paragraph 75 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 75 and therefore denies them at this time.

76. The allegations of Paragraph 76 are not directed at CFMG and therefore no response is required. To the extent a response is required, CFMG lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 76 and therefore denies them at this time.

**CFMG SPECIFICALLY DENIES ALL ALLGATIONS NOT EXPRESSLY ADMITTED HEREIN AND DENIES ALL LIABILITY FOR ANY DAMAGES IN THIS ACTION.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any valid Constitutional claim upon which relief can be granted in that alleged negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

### SECOND AFFIRMATIVE DEFENSE

CFMG is not liable to Plaintiffs, in whole or in part, because the losses or harm that the Plaintiffs have allegedly suffered were not caused by any act or omission of CFMG.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages or harm whatsoever by reason of the conduct alleged against CFMG, and, by reason of the foregoing, Plaintiffs lack standing and are otherwise barred from any relief against CFMG and barred from prosecuting this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary or indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

CFMG at all times acted in good faith and with reasonable grounds for believing that it had not violated federal or California law.

### SIXTH AFFIRMATIVE DEFENSE

CFMG denies having any wrongful or discriminating motivation with respect to Plaintiffs and Decedent but asserts that the action of which Plaintiffs complain would have been taken for lawful reasons independent of any alleged wrongful motivation.

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the relevant portions of the California Government Code, including, but not limited to sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 844.6 (a)(20), 845.6, 855.6, 855.8, 856, and 856.4.

**EIGHTH AFFIRMATIVE DEFENSE**

CFMG alleges that it is entitled to immunities provided by the California Business & Professions Code § 2395, 2396, and 2397.

**NINTH AFFIRMATIVE DEFENSE**

CFMG did not deprive Plaintiffs of any rights, privileges or immunities guaranteed by the Constitution, the laws of the United States and the laws of California.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action against CFMG for violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978).

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint does not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and Plaintiffs cannot show that the course of treatment chosen was medically unacceptable under the circumstances. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

**TWELFTH AFFIRMATIVE DEFENSE**

At all relevant times, CFMG and its agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and established lawful policies and procedures, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws, and they are therefore immune from liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

While denying that Plaintiffs have any constitutional claim or right as alleged or at all, and further denying that any act of failure to act as alleged or otherwise in contravention of Mr. Canfield's civil rights occurred, CFMG asserts that all actions or decisions not to act by CFMG were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of Plaintiffs. If in fact Plaintiffs' rights were violated, which CFMG denies, such acts or decisions not to act were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, CFMG is immune from claims that it violated Plaintiffs' alleged civil rights based upon this good faith belief, Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

**FOURTEENTH AFFIRMATIVE DEFENSE**

CFMG alleges that Plaintiffs have failed to comply with the Code of Civil Procedure § 425.13(a) with respect to any alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent the Complaint seeks punitive damages, it violates CFMG's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates CFMG's right to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates CFMG's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

**SIXTEENTH AFFIRMATIVE DEFENSE**

CFMG did not deliberately indifferently adopt, ratify or enforce any custom, practice or policy which deprived Mr. Canfield or Plaintiffs of any federally protected constitutional rights.


### SEVENTEENTH AFFIRMATIVE DEFENSE

Damages for alleged attorneys' fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that Mr. Canfield was an inmate during the time of the events alleges as misconduct in this lawsuit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state sufficient facts to constitute a cause of action against CFMG.

### NINETEENTH AFFIRMATIVE DEFENSE

CFMG acted in good faith, without malice and within the respective scope of its duties.

### TWENTIETH AFFIRMATIVE DEFENSE

CFMG alleges the injuries and damages of which Plaintiffs complain, if any, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiffs from recovery against CFMG.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

CFMG alleges Government Code § 818 bars any award of punitive damages sought to be assessed against CFMG.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of non-economic damages in any judgment must be reduced or adjusted proportionally, so that CFMG's percentage of fault as determined by the jury shall be reflected in the verdict. (Civil Code § 1431 *et seq*).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

CFMG alleges it is not liable for any alleged acts or omissions of its independent contractors, pursuant to Government Code § 815.4.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

CFMG alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages,

if any, sustained by Plaintiffs were directly and proximately caused and contributed to by the negligence of said Plaintiffs.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

CFMG alleges the injuries and damages of which Plaintiffs complain, if any, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiffs from recovery against CFMG.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

CFMG is immune from liability by reason of the provisions of the *California Penal Code*, including but not limited to §§ 834a, 835, 835a, 836, 836.5, 847, and *Civil Code* § 43.55.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

CFMG presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. CFMG reserves herein the right to assert additional defense in the event discovery indicates that they would be appropriate.

WHEREFORE, CFMG prays for judgment as follows:

1. This action be dismissed in its entirety, with prejudice;
2. That judgment be entered in favor of CFMG and against Plaintiffs;
3. That CFMG be awarded its costs of suit and attorneys' fees incurred herein; and
4. For such and other further relief as this court may deem just and proper.

**JURY TRIAL DEMANDED**

CFMG hereby demands a trial by jury.

Dated: October 7, 2025   GORDON REES SCULLY MANSUKHANI, LLP


By: /s/ Lindsey M. Romano
Lindsey M. Romano
Attorney for Defendant
CALIFORNIA FORENSIC MEDICAL
GROUPS, INC.

**CERTIFICATE OF SERVICE**

**[C.C.P. § 1013, C.R.C. §2008, F.R.C.P. Rule 5]**

I, Cheryl Kay, certify that this document, filed through the court's ECF system, will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: October 7, 2025                         By: */s/Cheryl Kay*