UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN CANFIELD, *et al.*,<br>Plaintiffs,<br>v.<br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., *et al.*,<br>Defendants. | Case No. 2:25-cv-2605-JDP<br><br>ORDER |

Plaintiffs Morgan and Ryan Canfield allege that defendants California Forensic Medical Group, Inc. ("CFMG") and the County of El Dorado ("the County") are responsible for the death of their father, Brandon Canfield ("the decedent"), by failing to provide him adequate medical care in jail. The County has moved to dismiss all claims brought against it. For the reasons stated below, the County's motion will be granted with leave to amend.

**Background**

In September 2024, the decedent was taken into custody at the El Dorado County South Lake Tahoe Jail ("the jail"). ECF No. 1 ¶ 17. The County manages and operates the jail, and CFMG is contracted to provide medical services to detainees. *Id.* ¶¶ 10-11. The decedent was prescribed medication for schizophrenia and epilepsy. *Id.* ¶ 18. A side effect of decedent's epilepsy medication was that he experienced "chills and feelings of excessive coldness." *Id.* ¶ 20.

By November 2024, the jail became colder, and the decedent "began requesting an extra blanket." *Id.* ¶ 21. After initially being denied, the decedent "escalated his complaint" by submitting "a formal medical request form to jail staff." *Id.* ¶ 22. The decedent's formal request was denied. *Id.*

The decedent informed jail staff that because of the "unbearable" chills he was experiencing, he "would have to stop taking" his epilepsy medication. *Id.* ¶ 24. Plaintiffs allege that jail staff members "failed to remedy the situation so that [the decedent] could take his life-saving medication." *Id.* ¶ 25. After "several days" of not taking his medication, the decedent "was found dead in his cell from an epileptic seizure." *Id.* ¶ 27.

**Procedural History**

Plaintiffs, both individually and as successors-in-interest to the decedent, initiated this action in September 2025 against the County and CFMG.[1] ECF No. 1. Plaintiffs bring six claims, and the following four are brought against the County: the third cause of action for *Monell* liability for a violation of constitutional rights; the fourth cause of action for negligence and wrongful death under California law; the fifth cause of action for violation of the Bane Act; and the sixth cause of action for violation of Title II of the Americans with Disabilities Act ("ADA"). *Id.* ¶¶ 48-76.

The County now moves to dismiss all claims brought against it.[2] ECF No. 17. Plaintiffs oppose the motion, and the County has filed a reply. ECF Nos. 19 & 20.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] All parties have consented to magistrate judge jurisdiction. ECF No. 12.
[2] CFMG has filed an answer to the complaint. ECF No. 8.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

**Discussion**

The County moves to dismiss the following claims: *Monell* liability for an unconstitutional custom or practice; negligence and wrongful death; violation of the Bane Act; and violation of the ADA. ECF No. 17 at 1-2. Plaintiffs do not oppose dismissal of the Bane Act and ADA claims, and those claims will accordingly be dismissed with leave to amend.[3] *See* ECF

[3] Plaintiffs assert that they bring a Bane Act claim both individually and as successors-in-interest. ECF No. 19 at 22-24. To the extent that plaintiffs maintain a Bane Act claim as successors-in-interest, such claim must also be dismissed. As explained below, public entities are immune under California Government Code § 844.6 from claims for injuries to prisoners. *See infra* Discussion Part B; *Towery v. State of California*, 14 Cal. App. 5th 226, 229 (2017) (holding that "[t]he Bane Act does not create any exception to this rule").

No. 19 at 25 n.1. Accordingly, the court first addresses the *Monell* claim before turning to the claim for negligence and wrongful death.

**A. *Monell* Liability**

42 U.S.C. § 1983 allows a private citizen to sue for the deprivation of a constitutional right. 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A municipality cannot be held liable under section 1983 for the acts of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. Relevant here, "to establish liability for governmental entities under *Monell,* a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997)).

The County argues that jail staff were not deliberately indifferent to the decedent's medical needs by denying him an extra blanket. ECF No. 17-1 at 6. However, "[i]t has been clearly established since 1991 that the deprivation of a human need—such as adequate temperature—combined with a failure to mitigate that condition, can amount to an Eighth Amendment violation." *Foust v. Faust*, No. 2:23-cv-0168-MK, 2024 WL 2785386, at *5 (D. Or. May 30, 2024) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that "a low cell temperature at night combined with a failure to issue blankets" may violate the Eighth

Amendment)); *see also Saenz v. Reeves*, No. 1:09-cv-0557-BAM PC, 2012 WL 4049975, at *17 (E.D. Cal. Sept. 13, 2012) ("It is clearly established that exposing an inmate to extreme cold for several months without providing adequate blankets and clothing would violate the prohibition against cruel and unusual punishment.") (collecting cases). Accordingly, plaintiffs have plausibly alleged that the decedent's constitutional rights were violated.

The County next asserts that the complaint fails to show that any constitutional violation was caused by County or CFMG policy.[4] ECF No. 17-1 at 8. To allege a custom or policy, plaintiffs identify twelve lawsuits involving other inmates at the jail—between 2014 and 2022—who were allegedly denied adequate medical care that resulted in death or serious injury. *See* ECF No. 1 ¶ 28. However, as the County points out, "none of the incidents involve an incarcerated person being denied an extra blanket or similar request for resources beyond standard provisions," and "there are no incidents in which an inmate made the decision to refuse his medication, leading to his own death or other serious injury." *See* ECF No. 17-1 at 9. Instead, the prior incidents involve issues such as jail staff allegedly not treating an inmate's overdose, not providing medication, not treating an inmate that then had to have gallbladder surgery, not treating teeth pain, and not taking suicide precautions. *See* ECF No. 1 ¶ 28.

Under similar circumstances, courts have generally declined to find a custom or practice for purposes of *Monell*. *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22-23 (2d Cir. 2012) (holding that a plaintiff's "citation to various lawsuits involving inmate claims for the excessive use of force is not probative of the existence of an underlying policy that could be relevant here"); *Riley v. Jackson Cnty. Sheriff's Dep't*, 202 F. App'x 705, 706 (5th Cir. 2006) (holding that a plaintiff's "conclusional allegation that the [defendant] are liable because they routinely engage in and are sued for using excessive force, as evidenced by the numerous § 1983 lawsuits filed against them, is insufficient" under *Monell*); *Ivin Mood v. Cnty. of Orange*, No. 8:17-cv-0762-SVW-KK, 2019 WL 13036027, at *9 (C.D. Cal. July 25, 2019), *aff'd sub nom.*, *Mood v. Cnty. of*

---

[4] Plaintiffs plead that the County delegated to CFMG "final decisionmaking authority on the provision of medical care to pre-trial detainees" at the jail. ECF No. 1 ¶ 33. As such, CFMG's "policies effectively become the policies" of the County. *See Lemmons v. Cnty. of Sonoma*, No. 16-cv-4553-WHO, 2018 WL 452108, at *3 (N.D. Cal. Jan. 17, 2018).

*Orange*, 830 F. App'x 923 (9th Cir. 2020) (finding that the plaintiff's "identification of another lawsuit brought by a different inmate alleging similar acts of excessive force does not amount to admissible evidence, because [the plaintiff] has not provided any further support to find that the allegations in that lawsuit are true").[5]

Accordingly, plaintiffs have not plausibly alleged that the County or CFMG had a relevant policy or custom, much less that such a custom or policy was deliberately indifferent to the decedent's constitutional right and was the "moving force behind the constitutional violation." *See Dougherty*, 654 F.3d at 900. Thus, this claim must be dismissed.

**B. Negligence and Wrongful Death**

The County argues that it is immune from this claim. ECF No. 17-1 at 13. In California, public entities are not liable for "[a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2). The term "prisoner" includes "an inmate of a prison, jail, or penal or correctional facility." *Id.* § 844. The sole exception to this immunity is that a public entity "is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.* § 845.6. "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993).

Plaintiffs allege that unspecified "jail staff members were aware that [the decedent] had stopped taking his medication." ECF No. 1 ¶ 26. However, plaintiffs neither allege that any staff member knew or had reason to know that the decedent was at any time "in need of immediate medical care," nor do they show that a staff member failed "to take reasonable action to summon

---

[5] Plaintiffs cite three cases where identification of other lawsuits was found sufficient. *See* ECF No. 19 at 18-19. However, those cases are readily distinguishable because, unlike here, the court found that the other lawsuits involved similar factual details such that the complaint plausibly stated a custom or practice. *See Chaidez v. Alameda Cnty.*, No. 21-cv-4240-RS, 2023 WL 6466385, at *7 (N.D. Cal. Oct. 3, 2023) ("These supportive facts are analogous to [the plaintiff's] factual averments regarding his own experience."); *Bagos v. Vallejo*, No. 2:20-cv-0185-KJM-AC, 2020 WL 6043949, at *6 (E.D. Cal. Oct. 13, 2020) ("That leaves, however, ten incidents that are sufficiently similar, and that is enough to withstand the motion to dismiss."); *McCoy v. City of Vallejo*, No. 2:19-cv-1191-JAM-CKD, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020) ("[T]he Court finds the six incidents involving officer shootings, are just as factually pertinent to the facts at hand to survive a motion to dismiss.").

such medical care." *See* Cal. Gov't Code § 845.6. Accordingly, this claim must be dismissed.

Because plaintiffs may cure the deficiencies identified above by amendment, they are afforded leave to amend.

Accordingly, it is hereby ORDERED that:

1. The County's motion to dismiss, ECF No. 17, is GRANTED.

2. All of plaintiffs' claims against the County as set forth in the complaint, ECF No. 1, are DISMISSED with leave to amend.

3. Plaintiffs may file an amended complaint within twenty-one days. Failure to do so will result in dismissal of the County from this action.

IT IS SO ORDERED.

Dated: July 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE